**Order entered August 16, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00449-CR

### LORENA MONSERRATH GANDARA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 15th Judicial District Court
### Grayson County, Texas
### Trial Court Cause No. 068742

## ORDER

Before the Court is court reporter Misty Skinner's August 10, 2018 request seeking a second extension of time to file the reporter's record.

In her July 13, 2018 first request for extension, Ms. Skinner stated that she had not received payment for the record, and appellant's counsel had informed her that appellant was not sure if appellant was "going forward with the appeal." By order entered July 19, 2018, the Court granted Ms. Skinner an extension and ordered appellant to file, within ten days, verification that she had requested the reporter's record be prepared and had either paid for the record, made arrangements to pay for the record, or was entitled to appeal without paying for the record.

In her second request, Ms. Skinner relates that she has not been paid for the record nor has she had any further communication from appellant's counsel. Appellant has not provided the

verification as ordered. The clerk's record has been filed in this appeal. Documents within the clerk's record show the trial court found appellant indigent and appointed counsel to represent her for trial.

The Court **ORDERS** the trial court to conduct a hearing to determine whether appellant intends to proceed with her appeal and, if so, whether she is entitled to proceed without payment for the reporter's record. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal, and whether appellant is entitled to proceed without payment for the reporter's record. If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant desires to prosecute the appeal and is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    CRAIG STODDART
        JUSTICE

–2–